LYDIA  S.  SHREVE, administratrix, &c., of  Phebe  Virginia Wilkins,

*v.*

ADELE GROYSS WILKINS et al.

[Decided June 27th, 1913.]

1. Where an administratrix with the will annexed has no trust to perform in relation to real property, and is not concerned in the devolution thereof, she may not have a construction of the will as to devolution of testator's real estate.

2. Testatrix bequeathed the residue of her estate to her son, and provided that, in case he died without any heir or heirs, the property should then be divided among certain others.—*Held,* that the clause could not be construed as vesting a fee-simple absolute in the son on his surviving the testatrix, on the theory that the words "die without heir or heirs" referred to a contingency of the son dying without heirs before testatrix, but that the provision vested in the son a fee subject to be divested on the happening of the contingency of his death without issue.

Heard on amended bill, answer and answer by way of cross-bill.

*Mr. Samuel A. Atkinson,* for the complainant.

*Messrs. Condict, Condict & Boardman,* for Hattie R. Shreve and Mary S. Shreve, defendants.

*Mr. Ellis L. Pierson,* for Adele Groyss Wilkins, defendant.

WALKER, CHANCELLOR.

The bill in this cause, as amended, is filed by the complainant, as administratrix with the will annexed of Phebe Virginia Wilkins, for the construction of her will. In and by the will, the testatrix, after directing the payment of her just debts and funeral expenses, and bequeathing certain wearing apparel, disposed of her property, real and personal, by the following clauses:

"All the rest, residue and remainder of my estate, real, personal and mixed, of which I shall die seized and possessed or to which I shall be entitled at my decease, I give, devise and bequeath to my son George S. Wilkins and appoint the said George S. Wilkins executor of this my will.

"In case my son George S. Wilkins should die without any heir or heirs, I leave the old eight day clock which belonged to our grandfather. Job Stockton, of Springfield, to Stockton Townsend, son of May S. and J. W. Townsend.

"I wish $1,000 given to each of my brother Benjamin's children— Hattie R. and May S. Shreve. The remainder to be divided between three of my brother Samuel's children."

The facts set forth in the bill are substantially admitted by all of the parties, and are as follows: Phebe Virginia Wilkins died on August 31st, 1892, leaving her son George, who was unmarried. The will was proved by her son and executor, George S. Wilkins, and letters testamentary thereon were issued to him on September 12th, 1892; that he proceeded with the administration of the estate. He married the defendant, Adele Groyss Wilkins, and departed this life on the 14th day of August, 1910, without leaving issue, leaving his wife him surviving, and leaving a last will and testament giving all of his property, real and personal, to his wife, and making her his executrix. The complainant was appointed administratrix with the will annexed of Phebe Virginia Wilkins, by the surrogate of Burlington county, and qualified, and now has in hand mortgages and stocks which passed under her will and came into the custody of George S. Wilkins's executrix, which were turned over to the present complainant by the attorney of the estate of George, with the understanding that proceedings should be taken to ascertain the rights of the respective parties in the property which passed under the will of Mr. Wilkins.

The bill, after stating that the complainant is in doubt as to her duties in the premises, prays the direction of this court as to distribution, &c.

The defendants, Hattie R. Shreve and May S. Shreve, two of the persons mentioned in said will, filed answers, and also answers by way of cross-bill, in effect alleging that George, by the terms of his mother's will, took the estate absolutely, subject to be divested on his death without issue.

The defendant, Adele Groyss Wilkins, answered the bill and answer in the nature of a cross-bill, setting forth, among other things, that George left his last will and testament in writing, duly executed, wherein he bequeathed and devised to her all of his property, and also appointed her sole executrix thereof, which will, as shown by the pleadings as amended, was admitted to probate December 4th, 1911, by the surrogate's court of New York county, and letters testamentary issued thereon to Adele on December 30th, 1911. She claims that by the terms of the will of Phebe V. Wilkins, the son, George S. Wilkins, her husband, became possessed absolutely of the personal estate of said testatrix, and that that part of the will which devises and bequeaths over, in case George should die without any heir or heirs, was inoperative and void, and that by virtue of the will of her husband, George, the right to the possession of the securities mentioned in the bill became absolute in her.

The bill as amended not only prays directions with respect to the personalty, but also a construction of the will to determine the estate and interests of the parties in the realty.

The complainant is not concerned in the devolution of the real estate; she has no trust to perform in relation thereto; therefore, she is not in a position to ask this court to determine the several rights of the parties in the real estate arising under the will, and no opinion is expressed on this subject. *Hoagland v. Cooper, 65 N. J. Eq. (20 Dick.) 407.*

The testatrix by her will gave to her son all the rest, residue and remainder of her estate, real, personal and mixed, of which she might die seized and possessed, or to which she should be entitled at her decease, and, in the same paragraph, appointed him her executor. Beginning with a new paragraph, she says:

"In case my son George S. Wilkins should die without any heir or heirs" and then she proceeds to give the old eight-day clock to Stockton Townsend, and $1,000 to each of the children of her brother, Benjamin, Hattie R. and May S. Shreve (answering defendants), and the remainder she directs to be divided between three of her brother Samuel's children, naming them. Counsel for Adele argues that there should be read into the will, after the words "In case my son George S. Wilkins should die" the words "prior to my death," so that the clause would read as follows: "In case my son George S. Wilkins should die prior to my death without any heir or heirs, I leave," &c., on the grounds—*first,* that the final vesting of an estate is favored; *second,* that as death is certain, a provision "in case of death" must be construed to mean in case of death before a specific time, and, therefore, the courts import the phrase "before testator's death," and, *third,* as George was an only son, and the primary object of his mother's bounty, and the estate was small, it is inconceivable that she, with the natural love and affection of a mother for her offspring, would prefer her collateral relatives with whom she was not particularly concerned. On the other hand, the counsel of May S. and Hattie R. Shreve contend that the contingency is not as to the death of George, which was certain to occur, but as to his leaving issue at the time of his death, and that he, dying without issue, the absolute estate bequeathed to George in the personalty was divested and became vested in those to whom the bequest over was made after the death of George without heir or heirs.

In *Executors of Rowe* v. *White, 16 N. J. Eq. (1 C. E. Gr.) 411,* the will gave as follows:

"I give and devise unto Sarah White, wife of John White, the sum of $5,000. to be paid unto the said Sarah White; and if the said Sarah White *die without heir or heirs,* the said sum of $5,000 is to go to Leonard Crum, the son of Henry Crum."

Chancellor Green said (at *p. 415*):

"There can be no question as to the construction and effect of this bequest. Sarah White, the first legatee, takes a present vested interest in the fund liable to be divested upon the con-

tingency of her dying without issue. The limitation over being upon a definite failure of issue, is good by way of executory bequest."

The language in the will under consideration is identical with that in *Rowe* v. *White, supra*—the contingency is not the death of the legatee, but death "without an heir or heirs."

In *Patterson* v. *Madden, 54 N. J. Eq.* (*9 Dick.*) *714,* the present Chief-Justice Gummere, speaking for the court of errors and appeals, analyzed the case of *Pennington* v. *Van Houten, 8 N. J. Eq.* (*4 Halst. Ch.*) *745,* and deduced therefrom two rules as established in the construction of wills containing a limitation over by way of executory devise after the death of the original devisee without issue, which rules are set out on page 723, the first one of which applies here; and *Rowe* v. *White* is cited with approval.

In *Jones' Ex'r* v. *Stites, 19 N. J. Eq.* (*4 C. E. Gr.*) *324,* Chancellor Zabriskie said (at *p. 326*):

"If the gift is absolute in terms and not at all events limited over at the death of the first taker, but only on a certain contingency, as dying without issue living, then the title vests in the devisee or legatee absolutely, subject to be defeated on the happening of the contingency."

To the same effect is *Dilts* v. *Clayhaunce, 70 N. J. Eq.* (*4 Robb.*) *10.*

While one might naturally assume that it was the intention of the mother to so frame her will as to give the greatest protection and benefit to her son, and only intended that her estate should pass to her collateral kindred if the son died in her lifetime, yet, as her will is couched in language which is unambiguous, according to the decisions of the courts of this state, and there are no circumstances appearing on the face of the will to show that she intended otherwise, then, according to its legal interpretation, it must be declared that, under the bequest to her son, and in case of his death without any heir or heirs, the son George took a *vested interest* in the fund, subject to be defeated upon the contingency of his death without issue living. These views lead to the conclusion that the administratrix should make distribution in the manner provided in the will upon the occurrence of the death of George without issue.