This matter was submitted to me upon the pleadings, agreed state of facts and briefs. The complainants seek specific performance of a contract to convey real estate entered into between the complainants and the defendant on January 19th, 1948. *Page 221 
Complainants agreed to deliver title of a tract of land in Dover, Morris County, by warranty deed free of all encumbrances. The defendant has refused to take title, which the complainants stand ready to deliver upon the payment of the purchase price, claiming that the title is unmarketable.
The complainants' title is derived as follows: The complainant Frederica H. Kelley (formerly Frederica Donaldson) is the adopted daughter of Margaret L. Beemer. Complainant is also a niece of Margaret L. Beemer. Margaret L. Beemer died on January 25th, 1900, leaving a last will and testament by which she devised the premises in question to her adopted daughter and niece, Frederica, in the following language:
"All the rest, residue and remainder of my estate and property, real and personal, wheresoever the same may be, I give, devise and bequeath unto Frederica Donaldson, (Daughter of Frederick and Mary Donaldson, both deceased) and now called Frederica Beemer.
"If the said Frederica Donaldson shall die without leaving any lawful child or children of hers surviving, then it is my will that the estate and property herein bequeathed and devised to her shall be divided among my heirs-at-law living at the time of her decease."
Complainants contend that, under the foregoing provisions of the will of Margaret L. Beemer, the devisee, Frederica, took an estate in fee-simple absolutely in the premises in question.
The defendant claims that the devisee obtained merely a life estate, actually a fee subject to defeasance upon the death of the devisee without a child or children of hers surviving.
If the complainants' contention be well grounded, the relief prayed for should be granted. If the claim of the defendant is correct, the relief should be denied.
In Shreve v. Wilkins, 82 N.J. Eq. 18, Chancellor Walker dealt with a will, the provisions of which were similar to the provisions quoted above. He held that the legatee therein took a vested interest in the fund, subject to be defeated upon the contingency of his death without issue living. See, also,Patterson v. Madden, 54 N.J. Eq. 714, 723, wherein the Court of Errors and Appeals said:
"If land be devised to A. in fee and a subsequent clause in the will limits such land over to designated persons in *Page 222 
case A. dies without issue, and A. so dies, and the substituted devisees are in esse at his death, and there is no other event expressed in the will to which the limitation over can fairly be referred, then A. takes a vested fee which becomes divested at his death and vests in those to whom the estate is limited over."
Although the devisee herein has a son living who, with his wife, is a party to this suit and the contract upon which it is based, it is still possible for such son to predecease his mother, the devisee. In such event the contingency provided for in the will of Margaret L. Beemer will have occurred and title to the premises in question upon the death of the devisee will be vested in those to whom the estate is limited over.
The defendant contends that if it is compelled to accept the deed it will be exposed to the hazard of litigation. SeeCasriel v. King, 141 N.J. Eq. 515, 517.
For the above reasons, I am of the opinion that the complainants do not have a marketable title and the defendant should not be compelled to accept the deed. *Page 223